DANIEL MURPHY *vs.* FRED T. LEY AND COMPANY, Incorporated.

Worcester.     October 2, 1911. — January 1, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

</div>

*Nuisance,* Identity of wrongdoer.  *Evidence,* Competency.   *Agency,* Declarations of agent.

In an action against a corporation, named "Fred T. Ley & Co., Inc.," for injuries caused by the plaintiff's horse being thrown down by wires stretched across a highway on which the plaintiff was driving, there was evidence of due care on the part of the plaintiff and of negligence on the part of the person engaged in stringing the wires. The case came to this court by a report of the presiding judge and presented the question whether there was evidence for the jury that the work of stringing the wires was being done by the defendant. There was evidence that the work of stringing wires in that neighborhood had been going on for some days, that one D, who was designated by the plaintiff's counsel in putting his questions as "the superintendent of the Fred T. Ley Company," was around there while the work was being done, instructing the men what to do, and that the teams and tool boxes were marked "Fred T. Ley Construction Co.," "F. T. Ley Construction Co.," "F. T. Ley," and "Fred T. Ley." There was no testimony that the corporate name of the defendant, "Fred T. Ley & Co., Inc.," appeared on any tool box or wagon. The report showed that in a discussion at the trial in regard to the admissibility of certain

declarations made by D, it was understood and assumed by the presiding judge and by the counsel on both sides that D was referred to by the plaintiff as a superintendent of the defendant, although he was mentioned as "the superintendent of the Fred T. Ley Corporation," and that no question was raised of misnomer or of the identity of the defendant under different names, but only as to the authority of this superintendent of the defendant to affect his employer by his statements. *Held,* that, on the evidence presented by the report and the inferences that justifiably might be drawn from it when not explained or controlled by the production of facts necessarily in the possession of the defendant, the plaintiff was entitled to go to the jury.

In an action for injuries caused by the plaintiff's horse being thrown down by wires stretched across a highway on which the plaintiff was driving, where it appeared that one D "was around there" while the work of stringing wires across the highway was being done, and that he was "instructing the men what to do," and there was evidence warranting an inference that D was the defendant's superintendent, the plaintiff offered to prove by his own testimony that D came to the plaintiff's house during the plaintiff's illness caused by the injuries and there stated to the plaintiff that he was the superintendent for the defendant and that the defendant was doing the work when the plaintiff was injured. This evidence was excluded. *Held,* that the exclusion was proper; the statement not having been made by D in the performance of his duty as the defendant's superintendent.

DeCourcy, J.    The plaintiff, on September 30, 1909, at about eight o'clock in the evening, was driving along a highway in the town of Lancaster, when his horse ran against some wires which were stretched across the road, and he was thrown to the ground and sustained the injuries complained of. At the close of the plaintiff's case the judge [*] directed a verdict for the defendant and reported the case to this court.

There was ample proof of the plaintiff's due care, and of negligence on the part of the person engaged in stringing the wires across the highway. The question is whether there was evidence for the jury that the work was being done by the defendant.

The jury would be warranted by the testimony in finding that the work of stringing wires in that neighborhood had been going on for some days; that one Daly, designated by the plaintiff's counsel, in the questions put by him to the plaintiff, as "the superintendent of the Fred T. Ley Company," was around there while the work was being done, instructing the men what to do; that the teams and tool boxes were marked "Fred T. Ley Construction Co.," "F. T. Ley Construction Co.," "Fred T. Ley Company," "F. T. Ley," "Fred T. Ley," as witnesses variously testified; and that no teams or tools were there with any indi-

[*] *Morton,* J.

vidual name other than Fred T. Ley upon them. It is true, as argued by the defendant's counsel, that if the evidence be taken strictly, there is no testimony that the corporate name of the defendant, "Fred T. Ley & Co., Inc." appeared on any tool box or wagon, and if nothing further appeared to connect the defendant with the work we should hesitate to say that the plaintiff had sustained the burden of proof. But an examination of the record shows that in the discussion upon the admissibility of declarations made by Daly, it was understood and assumed by the judge and by both counsel that Daly was referred to as superintendent of the defendant corporation, although in terms he was mentioned as "superintendent of the Fred T. Ley Company." No question was raised of misnomer or of the identity of the defendant under different names, but only as to the authority of this superintendent of the defendant company to affect his employer by his statements.

Even so construing the report the evidence presented to establish negligence on the part of this defendant was meagre. But with the inferences that justifiably might be drawn therefrom, and not explained or controlled by facts that necessarily would be in the possession of the defendant, we think it was sufficient to entitle the plaintiff to go to the jury. *Smith* v. *Paul Boyton Co.* 176 Mass. 217. *Norris* v. *Anthony*, 193 Mass. 225. *Bagley* v. *Wonderland Co.* 205 Mass. 238.

The declarations of the superintendent, when he came to the plaintiff's house during his illness, were properly excluded.* They were not made in the performance of his duty and therefore were not binding upon the defendant. *McKinnon* v. *Norcross*, 148 Mass. 533. *Bachant* v. *Boston & Maine Railroad*, 187 Mass. 392. *McKenna* v. *Gould Wire Cord Co.* 197 Mass. 406.

In accordance with the report judgment is to be entered for the plaintiff in the sum of $400; and it is

*So ordered.*

The case was submitted on briefs.

*G. E. O'Toole & J. H. O'Brien*, for the plaintiff.
*H. Parker, C. C. Milton & F. L. Riley*, for the defendant.

---

* The plaintiff offered to prove that Daly stated to him that he was superintendent for Fred T. Ley & Co., and that that company was doing the work where the plaintiff was injured, and that the statements were made by Daly when he came to the plaintiff's house during his illness.