ANTONIO IBANEZ *vs.* JAMES O. WINSTON & others.

Berkshire.    September 8, 1914. — September 9, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Practice, Civil,* Judge's charge. *Evidence,* Presumptions and burden of proof.

In an action by an employee for personal injuries against four persons, alleged
to be copartners doing business under a certain firm name, the judge, in in-
structing the jury that the plaintiff must prove that he was employed by
the four persons named as defendants, used the following language: "The
mere fact that the defendants are described in the writ as copartners under
such a name is not sufficient; the reading of the writ is not sufficient; but
you have to weigh all the evidence in the case and say whether you can infer
that the defendants . . . in this case engaged in business under this busi-
ness name as copartners." The defendants excepted. *Held,* that the ex-
ception must be sustained, as the jury naturally would assume from the
language used that the description in the writ was some evidence that the
defendants were copartners, whereas, if the judge chose to mention the descrip-
tion in the writ, he should have instructed the jury plainly that it was not
evidence at all.

TORT for personal injuries against four defendants, who were
described in the writ as copartners doing business under the
firm name of Winston and Company, the declaration alleging
that the plaintiff was employed by the defendants as a day
laborer in the digging of a ditch leading from the Farnam Dam,
so called, in the town of Lenox, and that he was injured by the
falling or caving in of the gravel and stones on one side of the
ditch by reason of the alleged negligence of the defendants.
Writ dated September 6, 1912.

In the Superior Court the case was tried before *Hardy,* J.
The jury returned a verdict for the plaintiff, and the defendants
presented for allowance certain exceptions, which were disal-
lowed by the judge. The defendants filed a petition for the
allowance of exceptions, which was heard by a commissioner
appointed by this court, who made a report.

The exceptions, being allowed by this court, raised, among
other questions, the one which is stated and considered in the
opinion.

The case was submitted on briefs.

*W. F. Hawkins, H. J. Ryan & W. C. Kellogg*, for the defendants.
*J. A. Baker & I. H. Gamwell*, for the plaintiff.

RUGG, C. J.   It was incumbent on the plaintiff to show at the trial that he was employed by the four persons named as defendants unless that fact was admitted or waived.   There was sufficient evidence (which need not be recited) to require the submission of this question to the jury, so far as it remained an issue, in view of the defendants' answer setting up a written contract of release given by the plaintiff to the defendants and introduced in evidence.   *Murphy* v. *Fred T. Ley & Co.* 210 Mass. 371, *Norris* v. *Anthony*, 193 Mass. 225, and *Bagley* v. *Wonderland Co.* 205 Mass. 238, are decisive in the plaintiff's favor in this respect.   But in the charge upon this point it was said: "The mere fact that the defendants are described in the writ as copartners under such a name is not sufficient; the reading of the writ is not sufficient; but you have to weigh all the evidence in the case and say whether you can infer that the defendants were so far connected with this plaintiff that you can infer that they were the defendants in this case engaged in business under this business name as copartners."   The defendants excepted to this part of the charge.   The jury naturally would assume from these words that the description in the writ was some evidence that there was a copartnership, although not enough to establish the fact without corroboration.   Of course the writ was not evidence at all, and if any reference was to be made to it in that connection the jury should have been instructed plainly to that effect.

Other exceptions present questions which are not likely to arise in the same form at a new trial, and it is not necessary to consider them.

*Petition to establish exceptions allowed.*
*Exceptions sustained.*