EDITH GILES *vs.* CITY OF BOSTON. October 31, 1963. Exceptions over-ruled. This is an action of tort brought by the plaintiff to recover compensation for personal injuries alleged to have been sustained by her as a result of a fall which occurred in a crosswalk on Atlantic Avenue opposite the South Station in Boston and which was due to a defect in the cross-walk which the defendant was bound to keep in repair. An auditor who found for the plaintiff also found "a hole in the road surface [where the plaintiff fell] about one foot long and about 1¼ inches deep with its sides all worn down" to be an actionable defect. The locus of the defect was owned by the Commonwealth of Massachusetts on the date of the accident as a result of a taking. The case is before us after a finding for the defendant by a judge of the Superior Court. There is no error in the finding nor in the judge's rulings. The city was not obligated to repair the site of the plaintiff's fall in case of defect. See G. L. c. 81, § 18; G. L. c. 84, § 15.

*Ovide V. Fortier* for the plaintiff.

*Edward J. Boyle,* Assistant Corporation Counsel (*J. Edward Keefe, Jr.,* Assistant Corporation Counsel, with him), for the defendant.


PHILIP WHITEHEAD CO. INC. *vs.* EDWARD KROCK INDUSTRIES, INC. October 31, 1963. Order dismissing report affirmed. This is an action of contract brought by the corporate plaintiff, the purchaser of a proprietor-ship from Philip Whitehead, who, as an individual, entered into an oral agreement with the defendant to share the profits and losses of a business venture. The District Court judge found that Whitehead "purchased a quarter interest in a transaction involving some woolen mills in Vassal-boro, Maine, for the sum of $67,500 for his interest. The profits were to be divided among three persons who had varying interests. The assets were finally disposed of and there remained the sum of $20,000 which should have been distributed. The plaintiff's share of this would be $5,000." He also found the property purchased to have been finally liqui-dated on March 29, 1957, and awarded the plaintiff $5,000 with interest from April 1, 1957. The defendant claimed a report to the Appellate Division on the denial of certain of its requests. The report was dis-missed. There was no error. The joint venture between these parties was at an end save for the distribution to the plaintiff of a quarter share of the fund remaining in the hands of the defendant. The guidelines of *Berwin* v. *Cable,* 313 Mass. 431, establish the propriety of the plaintiff's action at law and the judge's rulings and findings. The latter are not vitiated by the possibility that there were unsettled accounts between the defendant and a third party in the joint venture. The allowance by the judge of interest on $5,000 from April 1, 1957, the approximate date when that amount became due to the plaintiff from the defendant was proper. *Winchell* v. *Plywood Corp.* 324 Mass. 171, 181, and cases cited.

*Burton Chandler* for the defendant.

*Eldred L. Field* for the plaintiff.