Allen Randolph *vs.* Five Guys From Boston, Inc.

Suffolk.     November 6, 1968. — November 29, 1968.

Present: Wilkins, C.J., Whittemore, Cutter, Kirk, & Spiegel, JJ.

*Agency,* What constitutes, Scope of authority or employment.   *Negligence,* Pressurized can, Duty to warn.

Findings in an action, that the driver of a mobile ice cream unit stalled on the side of a road was an employee of the defendant, a corporation engaged in the operation of such trucks, was operating the truck as part of and in furtherance of the defendant's business, and was within his authority when he requested help in starting the truck from the plaintiff, a boy fourteen years old, and rewarded his efforts with a can of whipped cream, were warranted by the evidence, including evidence that an uncommon trade name used by the defendant in its business certificate was on a badge worn by the driver and on a side of the truck, that all the defendants' units carried cans of whipped cream, and that the plaintiff met the driver at the beginning of the work day near a place where the defendant's trucks were kept and near its place of business. [732–733]

A finding in an action of negligence on the part of the defendant, a corporation engaged in the operation of mobile ice cream units, toward the plaintiff, a boy fourteen years old who was injured at home when a pressurized can of whipped cream given to him by the driver of one of the defendant's trucks blew up upon the plaintiff's hitting the can with a hammer after unsuccessful efforts to open it by other means, was warranted by evidence that the driver did not give the plaintiff a separate detachable rubber nozzle with pin necessary to release the whipped cream from the can or any instructions how to open it, that the driver was aware that the can was of a type used commercially and was not designed for household or individual use, and reasonably should have known that the plaintiff would be unfamiliar with it, and that the plaintiff did not know how to release the cream from the can. [733–734]

Tort.   Writ in the Superior Court dated April 24, 1962.

The action was tried before *Coddaire,* J.

*Charles W. O'Brien* for the defendant.

*Daniel S. Fram* for the plaintiff.

Kirk, J.   In this action of tort for negligence the jury returned a verdict for the plaintiff, a minor, against the

defendant whose alleged employee gave the plaintiff a pressurized can of whipped cream which later exploded in the plaintiff's face in circumstances to be stated. The case is before us on the defendant's exceptions to the denial of its motions for a directed verdict and for the entry of a verdict under leave reserved.

To test the validity of the defendant's exceptions we summarize and view the evidence in light most favorable to the plaintiff. *Howes* v. *Kelman*, 326 Mass. 696. *Carr* v. *Arthur D. Little, Inc.* 348 Mass. 469, 471. The defendant was engaged in the sale and operation of mobile ice cream units. It conducted its business under the name and style of "Ollie Orbit Mobile Ice Cream Units." G. L. c. 110, § 5. The business address of the defendant as given by its manager was 310 Columbia Road in the Dorchester district of Boston. The trucks of the defendant carry pressurized cans or steel shells of whipped cream. The cans are six inches high and three inches in diameter. A separate detachable rubber nozzle about two inches long with a pin which fits into the hole of the spigot of the can is used to release the cream from the can.

About 9 A. M. on August 30, 1960, the plaintiff, then fourteen years old, and a friend were riding bicycles on Ceylon Street, which runs from Columbia Road to Quincy Street in Dorchester. A large ice cream truck was stalled on the side of the street. The lower half of the truck was red, the upper half was white and the words "Ollie Orbit" were written in blue lettering on the side. A man yelled out the window of the truck that he would give the boys some ice cream if they pushed him and got him started. The boys helped push the truck for eighty feet and the motor started. The man thanked them, went into the truck and came out with two cans and gave one to each. Although there was soft ice cream in the truck made from a mix in a machine, the man did not give them ice cream but instead gave them cans of whipped cream. He did not give them rubber nozzles or any instructions on how to remove the contents from the cans. The driver wore a white shirt and black bow tie and a

little badge with "Ollie Orbit" on it. Across the street from
the point where the boys first met the man there was a
garage with five "Ollie Orbit" trucks in it.

The plaintiff took the can home and placed it in the re-
frigerator. At the top of the can there was something that
looked like a cover. At its edge there was a little protrusion
or knob. Later, on the same day, the plaintiff's mother un-
successfully tried to open the can. The plaintiff himself
tried every possible way to open it. He tried to unscrew
the top. He tried to pry it open with a can opener. He
tried to puncture a hole with a beer can opener. Then he
took a hammer and went to the porch where he hit the can
three or four times. It blew up, injuring him. The plain-
tiff had never seen that kind of can before the accident. Since
the accident he has seen that kind of can on a soda fountain.

1. At the outset, we observe that we are not here neces-
sarily concerned with the ownership of a vehicle in order to
impose liability on the defendant, as was the case in *Cochrane*
v. *Great Atl. & Pac. Tea Co.* 281 Mass. 386, cited and relied
upon by the defendant. The vehicle in the case before us
was not the cause of the plaintiff's injury. Nor are we
primarily concerned with the personal identity of the op-
erator of the vehicle in order to impose liability upon him
as was the case in *Deutsch* v. *Ormsby, ante,* 485, 488–489,
also relied upon by the defendant. Our initial and main
inquiry is whether the operator of the particular mobile
ice cream unit could, on all the evidence, be found to be
an employee of the defendant. There are several factors
which bear upon the issue. These, weighed collectively,
justify a finding that he was. Specifically the vehicle was
a special purpose vehicle of the particular kind which was
admittedly used by the defendant in one of its principal
business activities. The driver of the particular vehicle wore
a badge bearing a name identical with the name on the truck
and he was physically present with the truck during his
dealings with the plaintiff. The uncommon trade name
"Ollie Orbit" on the badge, the truck and the defendant's
business certificate tended to link the driver, the truck and

the defendant to the same business enterprise. See *Smith* v. *Paul Boyton Co.* 176 Mass. 217, 220. The particular vehicle carried, as did all of the defendant's mobile ice cream units, pressurized cans of whipped cream. Finally, the plaintiff met the driver at the beginning of the work day at a place not far removed from where the defendant's trucks were kept and also proximate to the location where the defendant conducted its business. These facts in combination provide a rational basis for an inference that the driver of the vehicle was an employee of the defendant, and was operating the truck as part of and in furtherance of the defendant's business. See *Kelly* v. *Railway Exp. Agency, Inc.* 315 Mass. 301, 302–304, and cases cited.

2. The defendant quite understandably does not argue that the driver of the vehicle was, in the circumstances, without authority to ask for and accept the help of the plaintiff in getting the vehicle started. See *Hollidge* v. *Duncan,* 199 Mass. 121. *Lawson* v. *Royal Riding Stables, Inc.* 305 Mass. 494, 497. *Friedman* v. *Huck's Transfer, Inc.* 329 Mass. 362, 363, and cases cited. *Peloquin* v. *Robert Northridge Furniture Co.* 341 Mass. 543, 545. Maintenance of the mobility of its units was indispensable to the defendant's business. The plaintiff's efforts in response to the driver's request contributed to that end. The defendant argues, nevertheless, that the driver was without authority to give the pressurized can of whipped cream to the plaintiff in return for his help. We think the argument answers itself. Implicit in the driver's authority to summon the necessary help to get the vehicle going is the authority to offer and give reasonable rewards or compensation to induce the help. In the stated circumstances, including the age of the plaintiff and the nature of the help given to the defendant, a quantity of expendable whipped cream in a container which was customarily carried on the defendant's vehicle could be found to be an authorized form of recognition by the driver for the plaintiff's help.

3. A finding of negligence was warranted. The pressurized can was given to the plaintiff without the nozzle and with-

out any instructions as to how the contents could otherwise be extracted from the can. The jury could find that the nozzle with the pin to insert in the spigot was necessary to release the whipped cream. They could find that the type of can was one used commercially and was not designed for individual or household use and that the driver was aware of that fact. They could find that the boy did not know how to release the cream from that kind of a can and that the driver reasonably should have known that the boy would be thus unfamiliar with it. It was foreseeable that the plaintiff, having no warning or instructions, would resort to force to get at the contents of the can. In this aspect the case falls within the rule stated, with citations, in *West* v. *Molders Foundry Co. Inc.* 342 Mass. 8, 12–13. *Lawson* v. *Royal Riding Stables, Inc.* 305 Mass. 494, 499.

*Exceptions overruled.*