*Southern District*

No. 45

**GAIL RISOLDI, p.p.a.**

v.

**JOHN JOSEPH JALOWY, d/b/a BAY STATE HORSE FARM**

Argued: Dec. 7, 1972 - Decided: March 15, 1973

*Present:* Murphy, P.J., Prince, J.

Case tried to *Lee, J.* in the Fourth District Court of Bristol, No. 27368.

**Murphy, P.J.** This is an action in tort to recover damages for personal injury to the plaintiff, a minor, sustained on December 13, 1969, when thrown from a horse at the Bay State Horse Farm, and consequential damages by Joseph Risoldi, father and next friend of the plaintiff, Gail Risoldi.

The plaintiff's declaration was in four counts. We are only concerned with Counts 3 and 4, since the trial judge found for the defendant on Counts 1 and 2. The defendant's answer was a general denial, together with paragraphs asserting an allegation of contributory negligence on the part of the plaintiff, and an allegation of assumption of the risk on the part of the plaintiff.

The court found for the plaintiff on Count 3 in the amount of $720.40 and on Count 4 in the amount of $236.20.

The evidence is reported in great detail and we deem it unnecessary to repeat or summarize that evidence here, except as to that portion which relates to the action taken by the judge on certain pertinent requests for rulings hereinafter referred to.

The defendant presented no evidence.

At the close of the trial and before final arguments, the defendant filed 8 requests for rulings. The court allowed defendant's requests numbered 1, 2, 4, 5, 6, 7A and 7B and

denied all the other requests, which are the subject matter of this appeal, except for 7 which needs no further comment.

"3. If the plaintiff, Gail Risoldi, undertook to ride a horse before she was adequately instructed to do so, she did so of her own free choice and assumed the risk of any injury she received.

7. The evidence does not warrant a finding for the plaintiffs.

Specifications:

C. The evidence warrants a finding the plaintiff assumed the risk of any injury she received.

D. The defendant did not breach any duty owed to the plaintiffs.

E. The evidence fails to establish that the person from whom the plaintiff, Gail Risoldi, received the horse was an agent of the defendant.

8. The plaintiffs have failed to identify the defendant and a finding for the plaintiffs is not warranted."

The court made the following finding of fact:

"That the plaintiff was injured as the result of riding a strange horse with an English saddle without being given proper instruction thereto, and found thereto, that this constitutes negligence on the part of the defendant."

The defendant claiming to be aggrieved by the denial by the court of requests for rulings numbered 3, 7C, 7D, 7E and 8, the trial court

reported the same for determination by this Division.

The denial of request numbered 3 and 7C, both of which bear on the same subject, namely assumption of the risk, was proper.

· ■ We think there is sufficient reported evidence to justify this denial. The choice of the horse she was to ride was made by the man at the stables, and the English saddle was selected by him, not by her. She actually wanted another horse. She had not ridden with an English saddle before. He told her this horse had to be ridden English saddle. She told the man she didn't know how to ride English and could not ride it. The man said, *"That's all right. I'll take you out. I'll show you what you need to know."* The horse was so tall that the man had to help her mount by having her step into his cupped hands. She mounted the horse. She noted the reins were different from the western style reins and that the saddle was much lighter and felt much different. Her feet were in the stirrups at a different angle than she was used to with a western saddle and her knees were bent. The stirrups were much higher up than the western style saddle she was used to. She felt unsteady. The man holding the reins near the bit led her around the barn two times. She felt quite different in the saddle than she had felt in a western style saddle. He was instructing her on how to ride this horse with the English saddle when he left

her still on the horse to speak to someone nearby. He did not ask her to dismount. He asked her to walk the horse herself. She walked the horse around the barn two times and shortly thereafter the accident happened.

The judge found that this evidence was not sufficient to amount to an assumption of the risk on the plaintiff's part. We agree. ". . . mere knowledge of the danger of doing a certain act without a full appreciation of the risk involved is not sufficient to preclude a plaintiff from recovery, even though there may be added to the knowledge of danger a comprehension of some risk. It is still in most cases a question of fact whether taking into account all the circumstances, including the knowledge and appreciation as well as every other material condition, the plaintiff is guilty of such negligence as to preclude recovery." *Frost* v. *McCarthy,* 200 Mass. 445, 448.

Whether the plaintiff assumed the risk is a question of fact and the burden is on the defendant to prove that fact. Only in rare cases can it be ruled as a matter of law that this burden has been sustained. *Halley* v. *Hugh Nawn, Inc.,* 356 Mass. 28.

On the question of identity, the denial of request number 8 that "The plaintiffs have failed to identify the defendant and a finding for the plaintiffs is not warranted," was proper. The defendant, who did not testify,

contended strongly that there was a failure of identity here. We disagree.

One of the leading cases on the question of "identity" is *Herman* v. *Fine,* 314 Mass. 67, 69, which holds that mere "bald identity" of name without confirmatory facts or circumstances is not enough. However, that case is also authority for the proposition that only "slight evidence" is necessary to prove identity.

In the case before us there is evidence in the report that the plaintiff had visited these stables and had ridden horses there two or three times a week between the period of time from June or July 1969 to December 13, 1969. She had seen this horse on one other occasion, and in July or August of 1969, she had been in the office room of the Bay State Stables and spoke with a Mr. Jalowy. This man told her he owned the stables and offered to show her around, and he walked with her about and around the barns — She had seen this same man who identified himself to her as Mr. Jalowy on other occasions at the stables. This evidence is far more than the slight evidence required to prove identity and is sufficient to justify the denial of request number 8 in our opinion. *Horton* v. *Marston,* 352 Mass. 322. *Lodge* v. *Congress Taxi Association, Inc.,* 340 Mass. 570, 574, 575.

Furthermore, as was pointed out in the plaintiff's brief, the defendant did not file a plea in abatement or any special pleading on

this question, but only raised it after issue had been joined upon the merits by the defendant, described as d/b/a the Bay State Horse Farm. Obviously this also is of some significance on this question. *Ryan* v. *DiPaolo,* 313 Mass. 492. And finally we note the record indicates the defendant did not testify nor was there any explanation offered for his absence. "It was proper for the trial judge to draw an inference that the defendant's testimony would not have been favorable to his own case and thus include this fact in the basis of his decision." *Murphy* v. *Moore,* 307 Mass. 163, 164, 165. *Della. Jacova* v. *Widett,* 355 Mass. 266, 275.

The denial of request 7D and 7E was proper. With regard to 7D that "The defendant did not breach any duty owed to the plaintiff," the man in charge did procure the horse and saddle for the plaintiff to ride and attempted to instruct her in the use of the saddle. He knew she was unfamiliar with this type saddle and knew or should have known that this type saddle was very different from the "western" type and could be dangerous to one unfamiliar with it, and particularly, if that person was riding a strange horse. This created a duty or an obligation on his part to follow through with this instruction in the use of that saddle and the horse and not to let her ride until she was thoroughly familiar with both; and also to warn her of the danger and

not leave her unattended. *Randolph* v. *Five Guys from Boston, Inc.,* 354 Mass. 730 and see also *Lawson* v. *Royal Riding Stables, Inc.,* 305 Mass. 494.

With respect to 7E, there is ample evidence that the man was acting as the defendant's agent in our opinion. He was there to greet her at the stable, he procured both of the horses for her, he attempted to instruct her in the use of the English saddle and led her around the barn on the horse with that saddle, even though she had voiced objection to the saddle and to the horse. He had assured her by saying, "I'll show you what you need to know."

It appears from the evidence that he generally held himself out as being in charge of the stable and his statements and actions as contained in the reported evidence confirm this fact. *Cowan* v. *Eastern Racing Assn., Inc.,* 330 Mass. 135 and cases cited and see also *Tortorelli* v. *New York Central Railroad Co.,* 326 Mass. 583. *Randolph* v. *Five Guys from Boston,* cited supra.

The trial judge heard the evidence, observed the witnesses and concluded and found as a fact that the defendant after procuring a horse that could only be ridden with an English saddle, failed to give proper instructions to the plaintiff in the use of such a saddle, and that this constituted negligence. Even if we have the right, we are not inclined to disturb

that finding. There is ample evidence in the record to support it. *Heil* v. *McCann,* 1971 Advance Sheets 1675. *MacDonald* v. *Adamian,* 294 Mass. 187, 191.

There being no prejudicial error, **an order should be entered dismissing the report.**

Max Volterra
for Plaintiffs
Andrew H. Card
for Defendant