NORMAN T. VALADE vs. CONSOLIDATED BUILDERS, INC.,
& another
(and a companion case).

Hampden.    September 8, 1975. — October 7, 1975.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Practice, Civil,* Ordering verdict, Instructions to jury. *Negligence,*
Contractor, Use of way.

In a suit for negligence against a city, where there was evidence that
the plaintiff was injured when his motorcycle struck a manhole cover
which had been raised by city employees in connection with the
maintenance of the city's sewer system and left in a dangerous con-
dition without warnings, the city was not entitled to a directed ver-
dict on the ground that the road in which the manhole was located
had been taken by the Commonwealth. [520-521]

In a suit for negligence, the plaintiff was not precluded from present-
ing proof of a defendant contractor's and subcontractor's negligence
either by his contradictory notice claiming negligence by the city
or by his own answers to interrogatories, and where there was no
material variance between the plaintiff's declaration and his proof,
these defendants' motions for a directed verdict were properly de-
nied. [521]

Where a plaintiff presented evidence that he was injured when the
motorcycle he was riding struck either of two manhole covers which
had been left in a dangerous condition, one by workmen of the de-
fendant city and the other by two defendant contractors, and the
judge's charge suggested that the latter defendants could be liable
even if the jury found that the plaintiff struck the cover left by the
city workmen, the latter defendants were entitled to have the ver-
dicts against them set aside. [521]

TORT.    Writs in the Superior Court dated February 26,
1969.

The actions were tried before *Griffin,* J.

*Edward J. Farrell* for Consolidated Builders, Inc.

*Gerard L. Pellegrini* for Roy M. Wright, Inc.

*Thomas J. Donoghue* for Norman T. Valade.

*William J. Fitzgerald,* Assistant City Solicitor, for the
city of Springfield.

ARMSTRONG, J.   The plaintiff, who suffered injuries one evening when his motorcycle struck a raised manhole, brought an action against the city of Springfield, alleging a defect in a way which G. L. c. 84, §§ 1 and 15, required the city to keep in repair, and another action against the defendants Consolidated Builders, Inc., and Roy M. Wright, Inc., a contractor and subcontractor, respectively, in a project involving reconstruction of storm drains in the vicinity of the accident. There was evidence from which the jury might have found that the plaintiff struck a manhole which was located within the area of that project, had been raised by the subcontractor, and had been left in a hazardous condition without barriers, smoke-pots or signs to warn travellers. There was other evidence from which the jury might have found that the accident was caused by the plaintiff's having struck a different manhole near to, but outside, the area of the storm drain project. There was evidence that the latter manhole was a part of the city's sewer system and that its cover had been raised by city workmen and left by them in a dangerous condition without warnings or barriers.

The city established that the road in which both manholes were located had been taken by the Commonwealth and moved for a directed verdict, which was granted. See *Giles* v. *Boston,* 346 Mass. 767 (1963). The judge denied motions for directed verdicts by the contractor and subcontractor, and the jury returned a verdict for the plaintiff against them.

The city's motion for a directed verdict raised only the question whether the evidence warranted a finding for the plaintiff. As written, it did not raise any question of a variance between the pleadings and the proof. *Weiner* v. *Schulte,* 275 Mass. 379, 384-385 (1931), and cases cited. *Wadsworth* v. *Boston Gas Co.* 352 Mass. 86, 92 (1967). The evidence warranted a finding that the negligent actions of the city's employees occurred in connection with the city's maintenance of its sewer system, an activity from which the city is not immune from liability. *Child* v. *Bos-*

*ton,* 86 Mass. 41, 47, 51-53 (1862). *Emery* v. *Lowell,* 104 Mass. 13, 15-16 (1870). *Coan* v. *Marlborough,* 164 Mass. 206, 207-208 (1895). *Galluzzi* v. *Beverly,* 309 Mass. 135, 138 (1941). *Harvard Furniture Co. Inc.* v. *Cambridge,* 320 Mass. 227, 228-229 (1946), and cases cited. The plaintiff was, therefore, entitled to have its case against the city go to the jury.

The judge properly overruled the motions for a directed verdict made by the contractor and subcontractor. There was no material variance between the plaintiff's declaration and his proof. The words "at the intersection" and "at or near the intersection" were sufficiently general to include the manhole which the subcontractor admitted raising and the plaintiff testified that he struck. The plaintiff was not precluded from so testifying by his contradictory notice to the city or by his answers to interrogatories. *Dome Realty Co.* v. *Cohen,* 290 Mass. 36, 39 (1935). *Tighe* v. *Skillings,* 297 Mass. 504, 507 (1937). See Leach and Liacos, Handbook of Massachusetts Evidence 109-111 (4th ed. 1967).

Well taken, however, was the contractor's objection to a crucial ambiguity in the charge to the jury. The judge's instructions failed to make clear to the jury the pivotal significance of determining at the outset which manhole the plaintiff struck. The charge, read as a whole, suggested that the contractor and subcontractor could be found liable even if the jury determined that the plaintiff hit the manhole raised by the city employees. Such would be erroneous; the contractor and the subcontractor had no duty to remedy or warn against a hazard not created by them and not within the area of their control. *Tiffany* v. *F. Vorenberg Co.* 238 Mass. 183, 184-185 (1921). *O'Keefe* v. *William J. Barry Co.* 311 Mass. 517, 519-520 (1942). Since the ambiguity went to the heart of the case and was directed to the attention of the judge, the defendants were entitled to a clarifying instruction. See *Krock* v. *Boston Elev. Ry.* 214 Mass. 398 (1913). *Mahoney* v. *Gooch,* 246 Mass. 567, 571 (1923).

In the action against the city of Springfield, the directed

verdict for the defendant is set aside. In the action against Consolidated Builders, Inc., and Roy M. Wright, Inc., the verdicts for the plaintiff are set aside.

*So ordered.*