Valade *v.* Springfield.

NORMAN T. VALADE *vs.* CITY OF SPRINGFIELD.

Hampden.   January 3, 1979. — January 26, 1979.

Present: ARMSTRONG, BROWN, & GREANEY, JJ.

*Negligence,* Manhole cover, Municipal employee. *Municipal Corporations,* Liability in tort. *Agency,* Scope of authority or employment.

In an action to recover for injuries sustained by the plaintiff when the motorcycle he was riding struck a manhole which had been raised above the level of a public highway, the identity of the workmen who raised the manhole was not essential to a showing that they were employees of the defendant municipality for purposes of recovery against the city on a respondeat superior theory. [16]

In an action to recover for injuries sustained by the plaintiff when the motorcycle he was riding struck a manhole which had been raised above the level of a public highway, there was sufficient evidence to warrant a finding that a crew from the city, acting in furtherance of its business and within the scope of their employment, had raised the manhole and negligently left it without barriers or warnings. [16-17]

In an action to recover for injuries sustained by the plaintiff when the motorcycle he was riding struck a manhole which had been raised above the level of a public highway, there was no merit to the contention of the defendant municipality that it was immune from liability for the negligent actions of its employees in connection with maintenance of the city's sewer system. [17-18]

TORT. Writ in the Superior Court dated February 26, 1969.

Following the decision of this court sub nomine *Valade v. Consolidated Builders, Inc.,* 3 Mass. App. Ct. 519 (1975), the case was tried before *Adams,* J.

*John T. Libel* for the defendant.

*Thomas J. Donoghue* for the plaintiff.

GREANEY, J. This is an appeal from judgments entered pursuant to a jury verdict for the plaintiff in the amount

of $91,000 for personal injuries and property damage[1] sustained when the plaintiff, while riding his motorcycle at night, struck a manhole raised three to four inches above the level of a public highway in the city of Springfield.[2] The plaintiff alleged that the city was negligent in leaving the raised manhole unguarded and without warning when it presented a dangerous condition and that in so doing the city also created a nuisance.[3] The city argues that it was error for the trial judge to deny its motion for directed verdict on both claims and its alternative motion for judgment notwithstanding the verdict. Mass.R.Civ.P. 50(b), 365 Mass. 814 (1974). In substance the city makes these arguments: (1) that there was insufficient evidence to establish that the persons responsible for raising the manhole cover, and thereby creating the dangerous condition, were city employees acting within the scope of their employment; (2) that there was insufficient evidence that the property in question was under the city's ownership or control so as to make it liable for maintaining a nuisance; and (3) that in any event the city is immune from liability because the construction and maintenance of its sewers were not revenue producing activities. We disagree and affirm the judgments.

[1] The verdict separated itself into an award of $90,000.00 for personal injuries and $1,000.00 for property damage.

[2] In a previous decision, *Valade* v. *Consolidated Builders, Inc.*, 3 Mass. App. Ct. 519 (1975), we set aside a directed verdict for the city and verdicts in favor of the plaintiff against a contractor and subcontractor. We found error in the allowance of the city's motion for directed verdict on the basis of municipal immunity, finding that the city's activity in the case involved maintenance of its sewer system, an activity for which the city may be liable.

[3] The prior action against the city was based on a theory of a defect in a public way under G. L. c. 84, §§ 1 and 15. In this action liability was predicated on the theories of negligence and nuisance apart from G. L. c. 84. All parties apparently agreed that the substance of the action as retried took it out of c. 84 and into the area of negligence and nuisance. See *D'Urso* v. *Methuen*, 338 Mass. 73 (1958).

In examining the denial of the defendant's motion for a directed verdict we apply the frequently stated rule that "[w]e need consider only evidence favorable to the plaintiff from whatever witnesses it came, even if it was more favorable to the plaintiff than his own testimony; and there is no error if there can be found anywhere in the entire evidence any set of circumstances that will support a reasonable inference in favor of the plaintiff." *Mazzaferro* v. *Dupuis*, 321 Mass. 718, 719 (1947). *Donnelly* v. *Larkin*, 327 Mass. 287, 289 (1951). *Panesis* v. *Loyal Protective Life Ins. Co.*, 5 Mass. App. Ct. 66, 71 (1977). This rule applies where there is conflicting evidence, and "[i]t is of no avail for the defendant to argue that there some or even much evidence which would have warranted a contrary finding by the jury." *Chase* v. *Roy*, 363 Mass. 402, 407 (1973).

There was evidence that the scene of the accident was an intersection adjacent to a new highway under construction. The area was owned by the Commonwealth of Massachusetts pursuant to a taking, and sections of the road in question were being repaired by a contractor as part of a contract with the Commonwealth. There were two manholes in close proximity to each other, one located in the area in which a subcontractor was reconstructing storm drains, the other near the same site but belonging to the city sewer system. There was evidence that the city manhole had been raised three to four inches from the level of the road and left that way without warnings. The evidence was such that the jury could have found that the plaintiff had struck the city manhole rather than the drainage manhole under the control of the subcontractor.[4]

---

[4] Reversal in the previous case was predicated on the lack of clear instructions to the jury to determine which manhole the plaintiff's motorcycle struck — the raised city sewer manhole or the manhole under the control of the subcontractor. This problem was corrected in this case by careful direction to the jury to find which manhole was involved.

1. The city first contends that it cannot be held vicariously liable for the negligence of unidentified alleged employees and that there is no affirmative showing that city workmen raised the sewer manhole and acted under directions from the city in raising it. While the identity of the workmen would be essential if the plaintiff sought to impose liability directly on them, it is not essential to a showing that they were employees of the defendant for purposes of recovery against the city on a respondeat superior theory. *Randolph* v. *Five Guys from Boston, Inc.*, 354 Mass. 730, 732 (1968). The jury were entitled to consider all the circumstances in combination and to draw inferences from them in deciding whether the unidentified persons who worked on the sewer were employees of the city acting within the scope of their employment. *Kelly* v. *Railway Exp. Agency, Inc.*, 315 Mass. 301, 302 (1943). *Randolph* v. *Five Guys from Boston, Inc., supra* at 733.

The evidence most favorable to the plaintiff indicated that different witnesses had observed a crew of three or four workmen raising a manhole on the day of the accident, that the manhole being raised was labeled "Springfield Sewer Department," and that no barriers or warnings had been placed near the locus of the raised manhole. A truck parked on the street near the work crew had a city insignia on it — "the shield of the City of Springfield." An employee of the subcontractor testified that the raised manhole was not located in the work area involved in the subcontractor's storm drain project; that the crew was not employed by the subcontractor; that project records and logs indicated that no manholes had been raised by the subcontractor in the area of the accident on the date thereof; and that the same crew accompanied by the same truck had lowered the manhole castings the day after the accident.

Both the resident engineer for the Department of Public Works of the State supervising the over-all project and an employee of the subcontractor testified that it was the

responsibility of the city sewer department to raise sewer castings in the area in which the subcontractor was repaving the roads. An official log of the Department of Public Works introduced in evidence also indicated that a "Springfield streets and engineering crew" had been raising other manhole castings along the street in question and that the resident engineer had pointed out to the foreman of the crew that the manhole in question was south of the area to be paved, had been erroneously raised, and would probably have to be "set down to the former grade." This evidence was sufficient to warrant an inference that a crew from the city, acting in furtherance of its business and within the scope of their employment, had raised the manhole and negligently left it without barriers or warnings. *Randolph* v. *Five Guys from Boston, Inc.*, 354 Mass. at 733. Evidence to the contrary, including the fact that no written authorization could be found in the city records specifying that a city crew had been directed to work on the manhole, was not conclusive and could properly have been rejected by the jury. *Kelly* v. *Railway Exp. Agency, Inc.*, 315 Mass. at 302. *Chase* v. *Roy*, 363 Mass. at 407.

2. The city next argues that it cannot be held liable for maintaining the dangerously raised manhole as a nuisance since the Commonwealth, not it, owned and controlled the highway where the accident occurred. Since the evidence amply supported the verdicts reached in the negligence claims, it is not necessary to discuss the city's argument that the evidence did not warrant submission of the nuisance claims to the jury. *Bailey* v. *Golburgh*, 320 Mass. 309, 311 (1946).

3. We reject the city's argument that it is immune from liability for its activity with this sewer. The argument was disposed of in our prior decision when we first analyzed the city's position on the issue, and stated that "[t]he evidence[5] warranted a finding that the negligent

[5] At the second trial the plaintiff produced evidence from which the jury could have concluded that the city sewer system of which the

actions of the city's employees occurred in connection with the city's maintenance of its sewer system, an activity from which the city is not immune from liability." *Valade* v. *Consolidated Builders, Inc.*, 3 Mass. App. Ct. 519, 520 (1975).

*Judgments affirmed.*

---

sewer in question was a part was a revenue producing activity, since the city charged betterments for its sewers and the sewage that flows through the city lines goes to a treatment plant for which an assessment is charged. See *Manning* v. *Springfield*, 184 Mass. 245, 246 (1903); *Green* v. *West Springfield*, 323 Mass. 335, 336 (1948).