SANDRA R. CHASE & another *vs.* GERARD E. ROY
(and two companion cases [1]).

Bristol. October 3, 1972. — April 2, 1973.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & KAPLAN, JJ.

*Negligence,* Motor vehicle. *Practice, Civil,* Verdict. *Joint Tortfeasors.*

There was sufficient evidence for a jury to find that a defendant who drove his automobile at an excessive speed, without lights on, into a fog bank, where he struck one plaintiff's automobile without seeing it, pushing it into another plaintiff's automobile, acted negligently. [404–407]

---

[1] In the first case the plaintiffs are Sandra R. Chase, a minor, seeking recovery for personal injuries and Richard H. Chase, her father, seeking recovery for consequential damages. In the second case the plaintiffs are Crystal A. Marshall, a minor, seeking recovery for personal injuries and Victoria M. Marshall, her mother, seeking recovery for consequential damages. In the third case the plaintiff is George E. Brodie, Jr., seeking recovery for personal injuries. Although there were multiple defendants in each of the three cases, the only defendant involved in the exceptions before us is Gerard E. Roy.

In a negligence case, the court did not err in denying the defendant's motion for entry of verdicts under leave reserved and for a new trial, even though the jury found that the negligence of a joint tortfeasor did not result in any injury. [407–408]

THREE ACTIONS OF TORT.   Writs in the Superior Court dated February 11, 1964, February 9, 1965, and November 15, 1965, respectively.

The actions were tried before *Hennessey,* J.

*Joseph J. Hurley* for the defendant Gerard E. Roy.

*Robert W. Duquet* (*Robert N. Gross* with him) for the plaintiffs Sandra R. Chase & another.

QUIRICO, J.   These three actions of tort for negligence are before us on the defendant's exceptions to the denial of his motions (a) for directed verdicts, (b) for the entry of verdicts under leave reserved, and (c) for a new trial.   Additional exceptions to the denial of motions for a mistrial are expressly waived by the defendant in his brief.

By agreement of all parties the cases were first tried on the issue of liability and were submitted to the jury on special questions relating to the liability of each defendant to the plaintiffs.   The jury thereupon returned with affirmative answers to the questions whether the defendant Roy was liable to the plaintiffs.   Thereafter, the plaintiffs introduced their evidence relating to damages on the basis of which the jury returned the following verdicts, all of which were received under leave reserved (G. L. c. 231, § 120) : $7,500 for Sandra R. Chase, $800 for Richard H. Chase, $72,000 for Crystal A. Marshall, $5,000 for Victoria M. Marshall, and $6,500 for George E. Brodie, Jr.   At the close of the evidence on liability the defendant filed a motion for a directed verdict in his favor on each count; and after the verdicts for the plaintiffs were recorded he seasonably filed a motion in each case for a verdict in his favor under leave reserved.   All of the motions were denied.

The defendant's exceptions to the denial of his motions for directed verdicts and of his motions for entry of ver-

dicts under leave reserved raise the issue whether the evidence on liability, viewed in the light most favorable to the plaintiffs, would support their causes of action. If, upon any reasonable view of the evidence, there is found a combination of facts from which a rational inference may be drawn in favor of the plaintiffs, there was an issue for decision by the jury and the motions were properly denied. *Kelly* v. *Railway Exp. Agency, Inc.* 315 Mass. 301, 302. *Mazzaferro* v. *Dupuis*, 321 Mass. 718, 719. *Howes* v. *Kelman*, 326 Mass. 696, 697. *Stewart* v. *Roy Bros. Inc.* 358 Mass. 446, 448.

We summarize the evidence relating to the defendant's liability in its light most favorable to the plaintiffs. At about 7:30 A.M. on November 22, 1963, the plaintiff Brodie was operating a Volkswagen southerly on Route 138, also known as Broadway, in Taunton. About one-half mile before the scene of the accident in question he encountered fog. He slowed down, turned on his lights and proceeded to a point where he saw another car eight to ten feet in front of him. He stopped his car, the car in front of him moved forward, and while he was still stopped his car was hit from behind by a car driven by one Mrs. Miller. He was then unable to start his car so he pushed it off to the right side of the road except for its left rear wheel and fender. The Miller car was driven completely off the road to a point about eight feet behind his car. He and Mrs. Miller exchanged identification information. He returned to the right rear fender of his car. While there, he heard the squealing of tires and saw a black Karmann Ghia coming toward his car. It struck the left rear fender of his car. He in turn was struck by the right rear fender of his car and was thrown to the ground down a depression, thereby sustaining injuries.

The Karmann Ghia was driven by the plaintiff Sandra R. Chase, with the plaintiff Crystal M. Marshall as her passenger. Miss Chase was driving southerly on Route 138. She slowed down to about fifteen to twenty miles an hour, with her dimmer lights on, as she approached the

fog bank.  On entering the fog bank she slowed down further to about ten to fifteen miles an hour and put on her headlights.  She saw the Miller car ahead and a little to her right.  When she realized that it was stopped, she came to a stop three to four feet from it.  The fog at that point was intense and visibility was close to zero.  After she had been stopped about ten to twelve seconds, another car hit her car from behind, pushing it into the Brodie car.  The next thing she remembered after the first crash was that she was bleeding and her windshield was smashed.  She then felt two more bumps involving her car.  After the accident her car was stopped in her lane of travel, to the rear of the Brodie car but not touching it, and facing to her right side of the road.  She and her passenger were injured in the accident.  The identity of the car which struck the Chase car and pushed it forward was one of the principal factual issues at the trial.

The defendant Roy was driving a DeSoto southerly on Route 138 with no lights on.  He approached the fog bank at forty to forty-five miles an hour, entered it at about thirty to thirty-five miles an hour, and had slowed down to twenty-five miles an hour, had turned a little to the left because he anticipated a turn in the road, and was traveling with his foot on the brake when he collided with a car in front of him.  Although he was looking straight ahead at the time of the collision, he did not see the car ahead of him until he got out of his car.  As he got out of his car, it was struck in the rear by a Dodge driven by one Fournier.  After that crash, the cars were in the following positions.  The positions of the Brodie Volkswagen and the Chase Karmann Ghia have already been described above.  The right front corner of the Roy DeSoto was to the right of the center line of the highway and the remainder of the car was to the left of the line.  The right front corner was at or near the right rear corner of the Chase Karmann Ghia.  There was considerable damage to the right front of the DeSoto and to the rear of the Karmann Ghia.  The Fournier Dodge was entirely to the right of the center line, at an angle facing

the center line, with its front against the right front fender of the DeSoto. The two cars formed an approximate right angle to each other. The DeSoto was about parallel to the Karmann Ghia but the two cars faced in opposite directions and there was some space between them.

On the basis of the evidence summarized above, the jury could find that the Roy car struck the rear of the Chase car when the latter was stopped and pushed it into the Brodie car which was then stopped at the side of the road, which in turn resulted in the Brodie car being moved to its right thus striking Brodie, all of which resulted in injuries to Miss Chase, to her passenger Miss Marshall and to Brodie. The jury could also find that the conduct of Roy was negligent, based particularly on his speed under the prevailing conditions, his failure to have his lights on, and his failure to see the car ahead of him before he struck it. *McGaffee* v. *P. B. Mutrie Motor Transp. Inc.* 311 Mass. 730, 734–736. See *Renaud* v. *New England Transp. Co.* 286 Mass. 39, 44–45; *Langill* v. *First Natl. Stores Inc.* 298 Mass. 559, 561–562. There was thus no error in the denial of his motions for directed verdicts in his favor.

The defendant stresses the fact that there was testimony by him that he had struck only one car in the course of the accident, and testimony by one Pine to the effect that he was driving southerly at the approximate time of the accident in question, and that the Roy car struck his car in the rear, causing it to go to the left of the road where it came in contact with another car traveling northerly and driven by one Castonguay. There were thus seven cars which had come in contact with other cars before the entire events had run their course. The fact of such other testimony means only that the jury might have found that the Roy car struck the Pine car and did not strike the Chase car, but it does not mean that the jury were required to so find or that they were prevented from inferring that the Roy car struck the Chase car notwithstanding the absence of direct testimony to that

effect. When a bill of exceptions discloses, as it does in this case, sufficient evidence to warrant a jury in finding that the defendant was negligent, it is of no avail for the defendant to argue that there was some or even much evidence which would have warranted a contrary finding by the jury.

As to his motions for entry of verdicts under leave reserved and for a new trial the defendant makes the additional argument that they should have been allowed because of an alleged inconsistency between the answers of the jury on the special questions relating to the liability of Fournier as a defendant and the verdicts on the counts against Fournier. In their answers to the questions the jury had said that Fournier was liable to the plaintiffs Chase and Marshall, and was not liable to the plaintiff Brodie. However, after hearing evidence on damages the jury returned verdicts in favor of Fournier on the counts of Chase and Marshall. The defendant Roy now contends that the verdicts were inconsistent and that the trial judge was therefore required to set aside the verdicts against him or grant him a new trial. We do not agree. It does not appear from the record before us whether the defendant Roy made any objection to the recording of the verdicts on the ground of inconsistency when they were returned. See *Pritchard* v. *Mabrey*, 358 Mass. 137, 145, and cases cited. Although the failure to make such an objection seasonably might constitute a waiver of an alleged inconsistency, that question has not been raised. Our decision does not turn on that point.

It does not necessarily follow on the record before us that there is any inconsistency between the answer of the jury that the defendant Fournier is liable to Chase and Marshall and their later action in returning verdicts for that defendant on the counts of Chase and Marshall against him. The special questions were answered by the jury after hearing evidence bearing on negligence but without the benefit of any evidence of damages. Although the questions were framed to read: "Is Eugene H. Fournier liable to Sandra R. Chase" and is he "liable

to Crystal A. Marshall" they were in effect questions whether the defendant Fournier was negligent. By their answers the jury found that he was negligent. However, that alone does not entitle the plaintiffs Chase and Marshall to recover from Fournier. They must prove further that they suffered damages as a result of Fournier's negligence. *Sullivan* v. *Old Colony St. Ry.* 200 Mass. 303, 308. *Daniels* v. *Celeste,* 303 Mass. 148, 152. *Perry* v. *Hanover,* 314 Mass. 167, 171–172. On this record the jury could have found that although Fournier was negligent, that negligence did not result in any injuries to Chase or Marshall, but that the injuries to Chase and Marshall resulted solely from the negligence of Roy in his initial collision with the Chase car before Fournier became involved in the accident.

If we assume, but without so deciding, that there was an inconsistency between the jury's answers that Fournier was liable to Chase and Marshall and the return of verdicts for Fourier on those claims, it would not entitle Roy to verdicts in his favor or to a new trial on the claims of Chase, Marshall and Brodie against him. Even if Fournier were also liable to these plaintiffs, that would not relieve Roy from liability or in any way reduce the amount of his liability. "[T]he law here must be considered as settled, that if two or more wrongdoers negligently contribute to the personal injury of another by their several acts, which operate concurrently, so that in effect the damages suffered are rendered inseparable, they are jointly and severally liable." *Feneff* v. *Boston & Maine R.R.* 196 Mass. 575, 581, and cases cited. Roy is no less liable to these plaintiffs by reason of the fact that Fournier and others were also defendants in the same trial than he would be if he had been the sole defendant. The rights of the plaintiffs are not affected or limited by questions or rights of contribution between concurrent tortfeasors.

The defendant's motions for new trial raise no question of law not already discussed above. To the extent that the motions were addressed to the discretion of the

judge, he did not abuse his discretion in denying them. *Bartley* v. *Phillips*, 317 Mass. 35, 41–42.

*Exceptions overruled.*