Doerfer, J.
The plaintiffs brought this action against the defendants alleging negligence and breach of the warranty of habitability arising from the defendants’ failure to fix or replace a lock in the plaintiffs’ apartment. The lock allegedly prevented Tammy Paradis (“Paradis”) from immediately exiting the apartment when a fire was set in a mattress located in one of her bedrooms. Paradis’ infant son, Brandin, was killed in the fire. In March of 1995, the case was tried before a jury. The jury returned a verdict in favor of the plaintiffs. The defendants have now moved for judgment notwithstanding the verdict, or in the alternative, for a new trial. The defendants have also moved to alter or amend the judgment. For the reasons which follow, the defendants’ motions are denied.
DISCUSSION
I.
In ruling on a motion for judgment n.o.v., the court may not substitute its judgment of the facts for that of the juiy. O’Shaughnessy v. Besse, 7 Mass.App.Ct. 727, 728, rev. denied, 378 Mass. 801 (1979). “(I]tis of no avail for the defendant to argue that there was some or even much evidence which would have warranted a contrary finding by the jury.” Curtiss-Wright Corp. v. Edel-Brown Tool & Die Co., 381 Mass. 1, 4 (1980), quoting Chase v. Roy, 363 Mass. 402, 407 (1973).
In support of their motion for judgment n.o.v., the defendants contend that there was insufficient evidence presented to the jury to allow a reasonable fact finder to find that the lock was a substantial cause of the plaintiffs’ injuries. However, several plaintiffs’ witnesses testified that the lock was difficult to disengage and that the defendants were notified of the condition of the lock. Further, Paradis testified that the lock was engaged at the time of the fire and that she was unable to disengage the lock in order to exit the apartment. Lt. Richard Ares, a Gardner firefighter, further testified that he had difficulty opening the door. Accordingly, a fact finder could draw a reasonable inference that the condition of the deadbolt lock, at the time of the fire, was a substantial cause in fact of the resulting injuries.
In further support of their motion for judgment n.o.v., the defendants contend that the jury was presented with insufficient evidence to determine that the defendants were grossly negligent. Gross negligence *12 “amounts to indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected.” Davis v. Walent, 16 Mass.App.Ct. 83, 92 (1983), quoting Altman v. Aronson, 231 Mass. 588, 591-92 (1919). “It is a heedless and palpable violation of legal duty respecting the rights of others.” Id. However, gross negligence “falls short of being such reckless disregard of probable consequences as is equivalent to a willful and intentional wrong.” Id. at 93.
In the present case, the jury could reasonably have found that the defendants were on notice of the condition of the lock, had a duty to remedy the problem, and consciously chose not to take any action. The jury further could have reasonably found that the defendants’ actions were a substantial cause of the plaintiffs’ injuries. Accordingly, the court concludes that the jury’s finding of gross negligence was supported by the evidence.
II.
Mass.Civ.P. 59(a)(1) allows a judge to grant a new trial “for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the Commonwealth.” Mass.R.Civ.P. 59(a)(1); see also Galvin v. Welsh Manufacturing Co., 382 Mass. 340, 342 (1981). However, a judge should not order a new trial unless “the failure to do so appears to the [trial] court inconsistent with substantial justice.” Galvin v. Welsh Manufacturing Co., supra at 343.
The defendants contend that the “plaintiffs’ evidence was fraught with credibility flaws” and that the jury based their decision on an emotionally biased review of the evidence. However, as previously stated, there was credible evidence presented that the lock was defective; that the defendants were on notice of the condition of the lock; that the defendants failed to remedy the problem; and that the condition of the lock was a substantial cause of the plaintiffs’ injuries. Accordingly, the court cannot conclude that the jury’s determination was “inconsistent with substantial justice.” Galvin v. Welsh Manufacturing Co., supra at 343.
In the alternative, the defendants request a remit-titur or vacation of the amount of compensatory and punitive damages awarded by the jury. In support, the defendants argue that the mandatory provisions of G.L.c. 229, §2 are unconstitutional; the court’s instructions on adverse inference and spoliation were prejudicial; the jury was confused; and the court improperly precluded evidence that Paradis failed to use the pull alarm and the rear exit.
G.L.c. 229, §2 provides that a person who, by gross negligence, causes the death of another person is liable in damages in the amount “of not less than five thousand dollars.” G.L.c. 229, §2. The defendants contend that this mandatory provision is unconstitutional and, in support, rely on Honda Motor Corp. v. Oberg, 114 S.Ct. 2331 (1994). In Oberg, the United States Supreme Court held that an amendment to the Oregon Constitution prohibiting judicial review of the amount of punitive damages awarded by a jury “unless the court can affirmatively say there is no evidence to support the verdict” violated the due process clause of the Fourteenth Amendment. Id. at 2341. Clearly, the law regarding punitive damages in Massachusetts is not in accord with the amendment struck down in Oregon. In Massachusetts, although the jury must award the plaintiff $5,000 in punitive damages upon a finding of gross negligence in a wrongful death case, the court has judicial review over the total amount of punitive damages awarded and may vacate or remit any amount over $5,000 which is clearly excessive. G.L.c. 229, §2. Accordingly, the court cannot conclude that, pursuant to Oberg, G.L.c. 229, §2 is unconstitutional on its face or as applied in this case.
The defendants further contend that the court’s instructions that the jury could draw an adverse inference from Paul Varney, Jr.’s failure to testify were unfairly prejudicial. However, at closing argument, the defendants, without having called Paul Varney, Jr. to the stand, informed the jury that his testimony would have been equally supportive of the defendants’ theory of the case and, therefore, was cumulative. There was evidence, however, that Paul Varney, Jr. was a percipient witness in the case because he had been directly engaged in maintenance prior to the fire. Thus, the jury should not have been instructed by the defendants that his testimony would have been beneficial to their case and merely cumulative. Rather, the jury was properly charged that they could draw an adverse inference from the defendants’ failure to call a percipient witness to testify. See Grady v. Collins Transportation Co, Inc., 341 Mass. 502, 504-05 (1960) (an inference against a party based on the absence of a possible witness is permissible when the witness is in the control of the party and available).
The defendants assert that the juiy was improperly instructed that they could consider the removal of the lock hardware during the demolition of the apartment as evidence of spoliation because there was no indication that the defendants were aware that the lock was the focal point of the plaintiffs’ lawsuit at the time of the removal. However, contrary to the defendants’ contention, there was evidence presented to the jury that the defendants were aware of the condition of the lock prior to the fire and, therefore, would be on notice that the lock could be the focus of future litigation. Further, the jury was instructed that they could only infer spoliation if they found that the defendants knew the lock “was an issue in the case” and if “[the defendants] had an opportunity to preserve” the evidence. (Charge, p. 58.) Consequently, the jury could not infer spoliation if they found that the defendants were unaware that the lock was an issue in the case. Finally, the jury was instructed that, before they could infer spoliation, they had to consider whether it was “reasonable to conclude that [the lock] wasn’t produced because it would have been harmful to [the *13 defendants].” Id. at 58-59. Thus, the court concludes that the jury was properly instructed on the issue of spoliation.
The defendants further contend that the jury was confused because they returned from deliberations with several questions. However, if the jury was initially confused, the court devoted a substantial amount of time to allaying their confusion with further instructions and guidance. The jury was then able to return with consistent answers to several special questions. Accordingly, the court cannot conclude that jury confusion is a proper basis for altering the judgment in this case.
Finally, the defendants contend that the court improperly precluded evidence of Paradis’ failure to use the pull alarm and the rear exit. However, the court ruled that, because the defendants did not support that defense in their interrogatory answers, the defendants were not free to raise it at trial. The court stands by its ruling. Accordingly, the preclusion of such evidence is not a proper ground for amending the judgment.
ORDER
For the foregoing reasons, the defendants Congress Management Company Limited Partnership and G&C Investment Corporation’s Motion for Judgment Notwithstanding the Verdict or, in the alternative, Motion for New Trial are DENIED. The defendants’ Motion to Alter or Amend Judgment is also DENIED.