Coven, J.
This is a motor vehicle tort action to recover for personal injuries sustained by the plaintiff as a passenger in her husband’s car when it was struck from the rear by a truck driven by defendant John Crider (“Crider”). Following a jury verdict and the entry of judgment for the defendants, the plaintiff filed this Dist/Mun. Cts. RAD.A, Rule 8C, appeal to present the following issues: (1) whether the trial judge erred by failing to instruct the jury properly on the concept of joint and several liability, (2) whether the verdict slip prepared by the court and presented to the jury without a special question on joint and several liability was erroneous, and (3) whether the jury’s verdict was against the weight of the evidence.
The record indicates that the motor vehicle acddent in question occurred on June 18,1996. As noted, the plaintiff was a passenger in a vehicle operated by her husband, and defendant Crider was driving a tow truck in the course of his employment with defendant Lowell Automatic Transmission, the owner of the truck. According to the plaintiff she and her husband were traveling up a road with a small incline when her husband slowed to avoid children playing near the road. The plaintiff testified that their vehicle was then rear-ended by defendant Crider’s tow truck, which had “raced up” behind them. The plaintiff could not remember whether her husband “let up off the gas” or “put on the brake.” She did recall that prior to the collision, she saw a child’s head in between two cars on the right side of the road.
Defendant Crider testified that he and the plaintiffs husband were driving approximately eight to fifteen miles per hour, and that the plaintiffs husband did not just slow down, but “dead stopped” in the street Crider did not see any children in the area. A neutral witness testified that she saw the accident and did not see any children. The plaintiff commenced suit against Crider and his employer. The plaintiffs husband was also named in the suit but the plaintiff settled that claim before trial for a nominal amount
During the charge conference, the judge stated that the joint tortfeasor statute did not apply because the plaintiffs husband was no longer a party in the case. The judge instructed the jury on negligence, and prepared a verdict slip that asked three questions. Only the first two questions are relevant on this appeal. Question 1 stated: “Was the defendant negligent?” Question 2, which was to be answered only if the jury’s response to question 1 was “yes,” stated: “Was the defendants negligence a substantial factor in plaintiffs injuries?”
Plaintiffs counsel objected during the charge conference to the words “sub *177 stantial factor,” arguing that under joint tortfeasor law, a plaintiff needed to prove only that the defendant was one (1 %) percent negligent to prevail. Plaintiffs counsel did not, however, submit any preferred instruction in writing. The jury answered question 1 in the affirmative, question 2 in the negative, and returned a verdict for the defendants.
1. The principles of joint and several liability allow a plaintiff to sue any one or all tortfeasors who have caused plaintiff’s injuries.[3] “[I]f two or more wrongdoers negligently contribute to the personal injury of another by their several acts, which operate concurrently, so that in effect the damages suffered are rendered inseparable, they are jointly and severally liable.” Chase v. Roy, 363 Mass. 402, 405 (1973). Prior to trial, however, the case against the alleged joint tortfeasor, the plaintiff s husband, had been settled. The introductory statement read to the jury at the beginning of trial included only Crider and Lowell Automatic Transmission Co., the remaining defendants. While the plaintiff argues that the trial judge did not instruct the jury on joint and several liability, the judge addressed issues presented by multiple tortfeasors and used language consistent with controlling statutes.[4] The judge’s instructions to the jury included the following:
An accident can have several causes. A defendant will be liable if its conduct was the cause of the accident; regardless of the feet that other persons or parties may have been at fault as well. A negligent defendant is not relieved of liability just because another’s negligence might also be a factor in causing the injury. A plaintiff may recover the full amount of damages for injuries that the defendants negligence was a substantial factor in causing, even if the concurrent negligence of others contributed to the accident
The essence of the plaintiffs argument is that because this was a joint tort situation, percentages of negligence are relevant and plaintiff only needed to prove *178 that Crider was one (1 %) percent negligent to prevail. Comparative negligence, however, is not to be confused with the concept of joint tortfeasors. The comparative negligence statute provides for the comparison of plaintiff’s negligence to that of anyone else against whom recovery is sought See G.L.c. 231, §85. When comparative negligence is applied, the plaintiff is precluded from recovering any damages when his/her negligence is greater than the defendants negligence. Rolanti v. Boston Edison Corp., 33 Mass. App. Ct. 516, 531-532 (1992). The law of joint and several liability does not include an apportionment of liability as does the comparative negligence statute. See Mitchell v. Hastings and Koch Enterprises, Inc., 38 Mass. App. Ct. 271, 280 (1995) (comparative negligence is irrelevant to the apportionment of damages among joint tortfeasors).
In a negligence case, it is sufficient to use the phrase “substantial factor” when giving an instruction on proximate cause. O’Connor v. Raymark Industries, Inc., 401 Mass. 586, 592 (1988); Tritsch v. Boston Edison Co., 363 Mass. 179, 182 (1973); Mastaby v. Central Hospital, Inc., 34 Mass. App. Ct. 942 n. 3 (1993). Contrary to the plaintiffs contention, the trial judge did advise the jury that there could be a number of different factors which may combine to create liability. The jury was not lead to believe that the plaintiff had the burden of proving either that the defendant was more culpable than plaintiffs husband, or “but for” causation. The language requiring the jury to determine if the defendant’s acts were a substantial factor in causing the plaintiffs injuries is appropriate even in cases where “the concurrent negligence of others contributed to the incident” Delicata v. Bourlesses, 9 Mass. App. Ct. 713, 720 (1980). See also O’Connor v. Raymark Industries, Inc., supra at 591.
2. Because the trial judge’s instruction to the jury that the defendant had to be a substantial factor in causing the plaintiffs injuries was proper, the trial judge did not err when she included this language in the jury verdict slip. We note in this regard that it is within the trial judge’s broad discretion to decide whether Mass. R Civ. E, Rule 49, special verdicts and interrogatories will even be submitted to the jury, Terrio v. McDonough, 16 Mass. App. Ct. 163, 177 (1983), and to determine the “nature, scope and form” of any special questions so submitted. Draghetti v. Chmielewski, 416 Mass. 808, 818 (1994); Price v. Cole, 31 Mass. App. Ct. 1, 5 (1991).
3. A finding of negligence alone does not entitle a plaintiff to recover from the defendant In a negligence action, the plaintiff has the burden of establishing, by a preponderance of the evidence, the existence of a causal connection between the defendants actions (or inactions) and the plaintiffs injury. Glicklich v. Spievack, 16 Mass. App. Ct. 488, 492 (1983); Bui v. Vazquez, 1999 Mass. App. Div. 5. Although the jury decided in this case that the defendant was negligent, the plaintiff had the additional burden of proving that her injuries resulted from the defendants negligence rather than from some other cause. See Chase v. Roy, supra at 408 (jury could have found that although one tortfeasor was negligent, that negligence did not result in any injuries to plaintiff and that injuries resulted solely from negligence of other tortfeasor).
While the jury may have found the defendant to have been negligent, the jury was not required to believe that such negligence was a substantial factor in causing the plaintiffs injuries. Although the plaintiff argues that she is entitled to judgment as a matter of law because the jury was confused and their verdict was inconsistent, “the grant or denial of a motion for a new trial on the ground that the verdict is against the weight of the evidence rests in the discretion of the judge.” Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 520 (1989), quoting from Bergdoll v. Suprynowicz, 359 Mass. 173, 175 (1971). Such a motion should be granted only when the verdict is so greatly against the weight of the evidence that it causes the trial judge to believe that the verdict was not due to a careful consideration of the evidence, but was instead a product of bias or prejudice. Turnpike *179 Motors, Inc. v. Newbury Group, Inc., 413 Mass. 119, 127 (1992). There is nothing in the record to indicate that the jury failed to consider carefully the evidence introduced at trial and the respective burdens of the parties.
Appeal dismissed.
So ordered.

 The tort statutes relied upon by the parties are G.Lc. 231B, §3(e), c. 231B, §4(a) and c. 231, §85. Section 3(e) of G.L.c. 231B provides: “The recovery of a judgment for an injury against one tortfeasor shall not of itself discharge the other tortfeasors from liability for the injury unless the judgment is satisfied. The satisfaction of the judgment shall not impair any right of contribution.” Section 4(a) of G.L.c. 231B states: “When a release or covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury, it shall not discharge any of the other tortfeasors firom liability for the injury unless its terms so provide; but it shall reduce the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater.” Section 85 of G.L.c. 231 provides that contributory negligence is no automatic bar to recovery, and deals with special verdicts or findings of feet as to percentages of fault and corresponding reductions in damages.

 Massachusetts R Civ. P. 51(b) states: “At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests.” Note 12 to Rule 51 states: “Notwithstanding the ride that requests for instructions must be in writing before closing arguments unless special leave is given, a party is entitled to an adequate charge on the controlling issues of a case, and where attention is properly directed to an omission and it is not remedied, an exception may be sustained if necessary to render substantial justice.” Plaintiff’s counsel objected to the courts verdict slip on the ground that the words “proximate cause” should have been used instead of “substantial factor.” The plaintiff did not present any written proposals for changes to the trial judge.