Kirkman, J.
In his postdivorce, civil complaint, Richard Tinory (‘Tinory”), the plaintiff-appellee, sought recovery on nine different tort, contract, or statutory claims against his ex-wife, Christina DePierre (“DePierre”) ,[1] The claims alleged five years of *24 abusive practices involving the police, the courts, as well as breaches of the parties’ separation agreement regarding visitation of children of the marriage. DeRerre counterclaimed that her ex-husband was himself abusing the legal process and had filed a frivolous lawsuit Prior to trial, the court dismissed Tinory’s Federal 42 U.S.C. §1983 claim and his common law interference with beneficial relations claim. The counterclaims were also dismissed. After a one-day trial, a juty returned verdicts totaling $250,000.00 in favor of Tinory.[2] On a posttrial motion, the court awarded Tinory attorney’s fees of $8,138.48 pursuant to G.L.c. 231, §59H. This appeal resulted.[3]
DeRerre claims the trial judge erred in four ways. She claims the judge failed to grant a motion for directed verdict on Tinory’s claims for invasion of privacy, trespass, and conversion. DeRerre conceded at argument on this appeal that she had prevailed in the trial court on the invasion of privacy and conversion claims; thus, there was no basis to appeal the judge’s adverse rulings on the motion for a directed verdict on those particular claims. Her argument regarding the trespass claim remains.
DePierre also claims the judge abused her discretion in 1) denying a motion for a judgment notwithstanding the verdict, Mass. R. Civ. P., Rule 50(b), or for a new trial, Mass. R. Civ. P., Rule 59, on the verdicts regarding malicious prosecution, intentional infliction of emotional distress, and breach of contract,[4] 2) denying a request for remit-titur, and 3) in awarding an excessive attorney’s fee.
1. Motion for a directed verdict. DeRerre argues that she was entitled to a directed verdict on the trespass claim because litigation on the point was barred by the settlement of a prior lawsuit. Prior to the divorce trial, DeRerre hired Todd Swanson (“Swanson”), a private investigator, to place a global positioning system device (“GPS”) on Tinory’s truck to monitor his whereabouts. Tinory discovered the device after about six months and removed it Swanson sued Tinory in small claims for the loss of the GPS, and Tinory counterclaimed for trespass, invasion of privacy, negligent infliction of emotional distress, and violation of G.L.C. 93A. The small claims suit was settled by a stipulation of dismissal.
DeRerre insists that the trespass claim in the present case is barred by the settlement of the small claims suit because a principal cannot be held liable on a claim already litigated against an agent. Tinory asserts that the issue was not properly preserved for appeal.
In the present case, DeRerre’s third affirmative defense states that Tinory’s claims “are barred under the doctrine of estoppels [sic].” Collateral estoppel is a branch of res judicata that bars the relitigation of issues actually litigated in a prior action. *25 Fidler v. E.M Parker Co., 394 Mass. 534, 539-540 (1985). In this case, the asserted bar to relitigation rests on a dismissal with prejudice of Tinory’s claim of trespass in the prior small claims action. Tuite & Sons v. Shawmut Bank, NA., 43 Mass. App. Ct. 751, 755 (1997). See also Boyd v. Jamaica Plain Co-op. Bank, 7 Mass. App. Ct. 153, 157 n.8 (1979) (“A dismissal ‘with prejudice’ constitutes an adjudication on the merits as fully and completely as if the order had been entered after trial.”).
While the wording of DeRenre’s affirmative defense conflates the “res judicata” doctrines of claim preclusion (merger and bar) with issue preclusion (collateral estoppel), see Jarosz v. Palmer, 436 Mass. 526, 530 n.3 (2002); Heacock v. Heacock, 402 Mass. 21, 23 n.2 (1988), she adequately preserved the issue for our determination as to whether the trial judge abused her discretion in denying the motion for a directed verdict on the basis of claim preclusion. Thus, Tinory’s argument Ms. He offers no substantive argument in response to DeRerre’s claim that she was entitled to a directed verdict because of claim preclusion.[5]
The three elements that must be met for claim preclusion to apply are: “(1) the identity or privity of the parties to the present and prior actions; (2) identity of the cause of action; and (3) prior final judgment on the merits.” DaLuz v. Department of Correction, 434 Mass. 40, 45 (2001). In this case, DeRerre was found vicariously liable for the acts of Swanson in trespass. Tinory had settled his counterclaim alleging trespass against Swanson by agreeing to a dismissal with prejudice. Thus, the single claim of trespass, involving the same measure of damages, was addressed in the earlier small claims action. Pursuant to Rule 3(d) of the Uniform Small Claims Rules, Tinory could have brought DeRerre into that earlier action. Because DePierre was not brought in, the trespass claim was barred from being relitigated in the present action. Massaro v. Walsh, 71 Mass. App. Ct. 562, 565-566 (2008); RESTATEMENT (SECOND) OF JUDGMENTS §51 (1982). The motion for a directed verdict should have been allowed. The jury award on count 5 is therefore vacated, and judgment shall enter for the defendant on that count
2. Motion for judgment notwithstanding the verdict or for a new trial. The standard a trial judge should apply in ruling on a motion for a judgment notwithstanding the verdict is the same as to be followed on a motion for a directed verdict, that is, the motion should be denied “[i]f, upon any reasonable view of the evidence, there is found a combination of facts from which a rational inference may be drawn in favor of the plaintiffs.” Curtiss-Wright Corp. v. Edel-Brown Tool & Die Co., 381 Mass. 1, 4 (1980), quoting Chase v. Roy, 363 Mass. 402, 404 (1973). “This rule applies where there is conflicting evidence, and ‘it is of no avail for the defendant to argue that there was some or even much evidence which would have warranted a contrary finding by the jury.’” Id., quoting Chase, supra at 407. The standard to be applied on a motion *26 for a new trial is different The standard that a trial judge is to apply on a motion for a new trial in a civil case is “whether the verdict is so markedly against the weight of the evidence as to suggest that the jurors allowed themselves to be misled, were swept away by bias or prejudice, or for a combination of reasons, including misunderstanding of applicable law, failed to come to a reasonable conclusion.” W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744, 748 (1993).
The decision to grant or deny a motion brought under either Rule 50 or Rule 59 of the Mass. R. Civ. P. “rests in the discretion of the trial judge, and an appellate court will not vacate such an order unless the judge has abused that discretion.” Id. That is, the trial judge has committed “‘a clear error of judgment in weighing’ the factors relevant to the decision, see Picciotto v. Continental Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008) (citation omitted), such that the decision falls outside the range of reasonable alternatives.” L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
a. Malicious prosecution. “The essence of the tort of malicious prosecution is ‘interference with the right to be free from unjustifiable litigation.’” Chervin v. Travelers Ins. Co., 448 Mass. 95, 102 (2006), quoting Foley v. Polaroid Corp., 381 Mass. 545, 552 (1980). The tort may be maintained regardless of whether the proceedings that are initiated are civil or criminal. Id. at 102. An injured party must prove losses because the defendant commenced an action (1) without probable cause; (2) with malice; and (3) the proceedings terminated in the plaintiffs favor. Id. at 103.
DeRerre was unrelenting in going after her ex-husband subsequent to their 2007 divorce. She filed several civil complaints in the Probate Court alleging criminal activity that were dismissed. Criminal charges were then brought in the District Court, and they were dismissed. Indeed, her activity in the Róbate Court was so aggressive, that Court barred DeRerre from filing any pleading without the Courts prior approval. The evidence presented to the jury shows that the court filings are directly linked with DeRerre’s attempts to thwart court-ordered visitation of the parties’ children, thus demonstrating a lack of probable cause and an “improper purpose.” Id at 110. There was no abuse of discretion by the trial judge in denying the posttrial motions regarding the malicious prosecution verdict
b. Intentional infliction of emotional distress. In order for one to recover for intentional infliction of emotional distress, it must be shown “(1) that the defendant intended to cause, or should have known that his conduct would cause, emotional distress; (2) that the defendants conduct was extreme and outrageous; (3) that the defendants conduct caused the plaintiff s distress; and (4) that the plaintiff suffered severe distress.” Sena v. Commonwealth, 417 Mass. 250, 263-264 (1994), citing Agis v. Howard Johnson Co., 371 Mass. 140, 144-145 (1976). The trial evidence was sufficient to allow the jury to perform the difficult task of determining whether certain conduct resulted in severe emotional distress. Agis, supra at 144.
Before the jury, Tinory detailed a five-year ordeal of his ex-wife’s attempts to keep him from seeing his children. Her outrageous conduct included relentless legal actions that included issuance of a private “no trespass” notice for her property despite a court-authorized visitation schedule to the property, monitoring his activities by planting a GPS on his truck, and pursuing her threat, made during the divorce, “I’ll make sure you never see your children again. I will kill you with legal bills.” Her interference with his professional construction work, by subpoenaing potential employers to actions DeRerre had filed against Tinory, caused significant loss of business. Given Tinoiys testimony, and the unique view the trial judge had of that witness, there was no abuse of discretion by *27 the trial judge in denying die posttrial motions on the emotional distress claim.
c. Breach of contract. Tinory’s contract claim is based on a breach of the parties’ divorce separation agreement The record contains only a consolidated judgment that incorporates a “parenting schedule,” dated June 23, 2011, that seems to be the basis for the claim of a contract breach. The parenting schedule appears, on its face, to survive the final judgment of divorce that was apparently entered years before. In any event, “under ordinary rules of construction and giving effect to the strong Massachusetts preference,” DeCristofaro v. DeCristofaro, 24 Mass. App. Ct. 231, 238 (1987), the parenting schedule at issue survives the judgment and is treated as an independent contract between the parties.
The record contains sufficient evidence of DePierre’s interference with visitation to warrant a jury finding of a material breach. See RESTATEMENT (SECOND) OF CONTRACTS §241 (1981); O’Connell Mgt. Co. v. Carlyle-XIII Mgrs., Inc., 765 F. Supp. 779, 783 (D. Mass. 1991) (listing of factors constituting material breach). See also Coviello v. Richardson, 76 Mass. App. Ct. 603, 609 (2010) (“[WJhether a material breach has occurred is a question of fact.”). There was no abuse of discretion by the trial court in denying DePierre’s motions for a new trial or relief from judgment.
DePierre, in her brief, points to contrary testimony in the record on all of the foregoing claims, testimony that the judge and jury already heard. Because of that, there is no basis for our suffering through a “snow storm[] in mid-May,” W. Oliver Tripp Co., supra at 748; the trial judge simply did not make a clear error of judgment when ruling on DePierre’s motions for a new trial or judgment notwithstanding the verdict. That is not the end of our review, however, as it appears that Tinory impermissibly recovered multiple times for the same loss or injury.
3. Damages. DePierre timely requested the trial court to remit “excessive damages” awarded by the jury. Mass. R. Civ. P., Rule 59 (a). The following addresses that request in the context of the defendantss motion for a judgment notwithstanding the verdict.
DePierre does not contest the jury award on the abuse of process claim. Nor does she claim that the trial judge improperly instructed the jury or otherwise left them in the dark on the bar against double recovery. Selmark Assocs. v. Ehrlich, 467 Mass. 525,543-544 (2014). See T. Butera Auburn, LLC v. Williams, 83 Mass. App. Ct. 496, 503 n.5 (2012). Indeed, she does not claim the jury awarded duplicative damages. Rather, she challenges the awards on the malicious prosecution, intentional infliction of emotional distress, and contract claims as being unsupported by the evidence. There is no question one may recover on each of the four claims mentioned above provided there is specific proof of losses of different origin. Millennium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 645 (2010).
On an intentional infliction of emotional distress claim, “there must be substantial evidence of the emotional suffering that occurred, as well as substantial evidence of a causal connection between the complainant’s unlawful act Factors to be considered include ‘(1) the nature and character of the alleged harm; (2) the severity of the harm; (3) the length of time the complainant has suffered and reasonably expects to suffer, and (4) whether the complainant has attempted to mitigate the harm.’” DeRoche v. Massachusetts Comm’n Against Discrimination, 447 Mass. 1, 7 (2006), quoting Stonehill College v. Massachusetts Comm’n Against Discrimination, 441 Mass. 549, 576 (2004).
As summarized above with regard to whether the trial judge abused her discretion in refusing to grant a new trial, the evidence the jury heard supporting emotional distress liability also supports their finding on damages. The jury heard a recounting of five years *28 of targeted, abusive conduct by DeRerre towards her ex-husband. The jury was in the best position to assess the severity of the distress caused by DeRerre’s conduct Agis, supra at 144. There is nothing in the record showing an improper inflation of damages such that the trial judge abused her discretion in ruling on DeRerre’s posttrial motion.
For the torts of abuse of process and malicious prosecution, one may recover “all such damages as are the natural and probable consequences of the action complained of.” Millennium Equity Holdings, LLC, supra at 645, quoting Malone v. Belcher, 216 Mass. 209, 212 (1913). Those damages may also include the recovery of the attorney’s fees in defending the abuse or malicious prosecution. Id. In this case, the jury parsed its award on the two claims. Those findings reflect a jury calculation distinguishing between the facts leading to an abuse of process finding and those supporting the malicious prosecution claim. Stated more simply, it appears the jury took into account the attorneys fees Tinory spent in addressing various filings. The breach of contract award falls into a different category, however.
Where a breach of contract has been proved, “[tjhe usual rule for damages ... is that the injured party should be put in the position they would have been in had the contract been performed.” Situation Mgt. Sys. v. Malouf, Inc., 430 Mass. 875, 880 (2000). Tinory argues that the contract award was based on his attorneys fees in defending the frivolous legal actions pursued by his wife. He goes on to cite Millennium Equity Holdings, LLC v. Mahlowitz, in support A more proper measure would be costs to secure the benefit of the divorce contract While Tinory claims in his brief that he incurred over $50,000.00 in legal costs thereby justifying the jury award, the record shows otherwise.
At trial, he was asked about his legal bills for the entire divorce proceeding and answered, “I don’t know, 50 grand or so. Probably more. I don’t have it front of me.” No supporting documentation was introduced. Thus, there are two errors in the jury calculation. First, the award duplicates the awards under the abuse of process and malicious prosecution claims. Selmark Assocs., supra at 543-544. And second, the award includes costs incurred in securing the original divorce agreement, plus any other attendant costs arising from the prejudgment divorce litigation. It is tautologous that the precontract costs, then, are not recoverable on the postagreement breach. Nevertheless, Tinory is entitled to nominal damages of $1.00 because of DePierre’s breach. Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274,289-291 (1985); RESTATEMENT (SECOND) OF CONTRACTS §346(2) (1981).
4. The award of fees pursuant to G.L.c. 231, §59H. The trial court awarded fees to Tinory for his legal expenses incurred on his successful motion to dismiss the abuse of process counterclaim brought by DeRerre. That award is challenged as excessive. Given the broad discretion of a trial judge in determining such a fee award and for the reasons stated in the appellee’s brief at pages 22-27, there is no reason to overturn the award that was granted. Office One, Inc. v. Lopez, 437 Mass. 113, 125-127 (2002).[6]
Our rulings are summarized as follows. We set aside the jury verdict and reverse the judgment on the special verdict of trespass. We uphold the judgment, but set aside the amount of $50,000.00 awarded on the special verdict of breach of contract. We award nominal damages of $1.00 for the breach of contract.
So ordered.

The complaint alleged: 1) abuse of process; 2) malicious prosecution; 3) invasion of privacy; 4) violation of 42 U.S.C. §1983; 5) trespass; 6) intentional infliction of emo *24 tional distress; 7) interference with beneficial relations; 8) conversion; and 9) breach of separation agreement and contract.

 The jury awarded the following to Tinory: count 1 for abuse of process - $7,500.00; count 2 for malicious prosecution - $30,000.00; count 5 for trespass - $2,500.00; count 6 for intentional infliction of emotional distress - $160,000.00; and count 9 for breach of separation agreement and contract - $50,000.00.

 Just prior to oral argument, DePierre, over objection by Tinory, moved to supplement the appendix she had timely filed. The motion is allowed.

 DeRerre also sought relief against the jury award on the trespass claim, but in view of our decision in section one of this opinion, it is not necessary to reach that issue here. DeRerre did not appeal the verdict against her on the abuse of process claim.

 At oral argument, there was a further assertion by DePierre’s counsel that evidence regarding the placement of the GPS should not have been admitted at trial because of collateral estoppel, especially as it pertained to the intentional infliction of emotional distress claim. The argument rested on a motion in limine presented at trial. There was no later objection at trial to the admission of the evidence. “ [A party] cannot rest on a motion in limine to preserve their appellate rights. The consequence of the failure properly to object at trial is to waive the issue on appeal” (citation omitted). Hoffman v. Houghton Chem. Corp., 434 Mass. 624, 639 (2001). Therefore, the issue, which was never briefed either, is not before us.

 Tinory has requested an award of attorneys fees on appeal pursuant to Yorke Mgt. v. Castro, 406 Mass. 17 (1989). We do not consider DePierre’s appeal to be frivolous and, accordingly, decline to award fees. G.L.c. 231, §6F.